IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00615 SOM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR MODIFICATION OF TERM OF |
| vs. | ) ) ) | IMPRISONMENT |
| EDDY OLGUIN (03), | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT**

**I.      INTRODUCTION.**

Defendant Eddy Olguin, convicted of participating in a drug conspiracy, was found responsible for 907.2 kilograms of methamphetamine. Olguin moves for a reduction of his sentence based on Amendment 782, which lowered the United States Sentencing Guideline base offense level for crimes involving certain amounts of methamphetamine. However, Amendment 782 did not affect the offense level for drug crimes involving massive amounts of methamphetamine such as the amount Olguin was found responsible for. Olguin's motion for modification of his sentence is therefore denied.

**II.     BACKGROUND.**

On September 2, 2008, a jury convicted Olguin of participating in a drug conspiracy involving methamphetamine. *See* ECF No. 374. The verdict form noted the jury's express finding that Olguin was responsible for at least 50 grams of

methamphetamine, its salts, isomers and salts of its isomers, triggering a mandatory 10-year minimum prison sentence, maximum of life. *Id.*

Paragraphs 48 and 49 of Olguin's Presentence Investigation Report stated that Olguin was "responsible for 907.2 kilograms of methamphetamine." Olguin objected to being held responsible for that amount. *See* ECF No. 479, PageID #s 2273-74. At sentencing, this court adopted the report, specifically overruling Olguin's objections to the drug amount and expressly ruling that he was responsible for the amount of methamphetamine attributed to him in Paragraph 48 of his Presentence Investigation Report, 907.2 kilograms of methamphetamine. *See* Transcript of Proceedings at 3-4, ECF No. 589, PageID #s 5807-08 ("I think the Probation Office has correctly assessed the amount of drug attributable to him in paragraph 48.") ("I am adopting the Presentence Invesitgation Report"), PageID # 5817 (noting that Olguin was "clearly an important part of a drug distribution organization that involved thousands of pounds of methamphetamine").

Given the amount of methamphetamine involved, this court determined that Olguin's base offense level was 38. Two points were added for possessing a handgun during a drug transaction, giving him a total offense level of 40. Olguin was in criminal history category 1, leading to an advisory sentencing

guideline imprisonment range of 292 to 365 months. *See* ECF No. 589, PageID # 5808. The court sentenced Olguin to 276 months of imprisonment, 5 years of supervised release, and a $100 special assessment. *See* ECF No. 499. The court departed from the advisory guideline range based in part on Olguin's conduct in comparison to that of other co-defendants. *See* ECF No. 589, PageID #s 5814-18.

**III.    ANALYSIS.**

On March 18, 2019, Olguin filed the present motion, asking this court to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), Amendments 782 and 788, and U.S. Sentencing Guidelines Manual § 1B1.10. *See* ECF No. 728. Olguin says his sentence should be shorter because Amendment 782, made retroactive by Amendment 788, "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018). Olguin's argument is unavailing.

The Ninth Circuit has noted:

> On November 1, 2014, the Commission issued Amendment 782 to its Sentencing Guidelines, which lowered the recommended sentences for certain drug crimes . . . . *See* United States Sentencing Commission, Guidelines Manual, (hereinafter "USSG"), supp. app'x. C, amend 782 (2014). At the same time, the Commission promulgated another amendment, Amendment 788, which amended § 1B1.10 of the Guidelines to authorize district courts to apply Amendment 782 retroactively to reduce the length certain already-imposed sentences, provided that "the effective date of the court's order is

3

> November 1, 2015, or later." *See* USSG, supp. app'x. C, amend. 788 (2014); USSG § 1B1.10.

*United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

The Ninth Circuit has also discussed 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction based on a guideline amendment:

> If an amendment applies retroactively, the [Sentencing Reform Act of 1984] authorizes district courts to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced. 18 U.S.C. § 3582(c)(2). Specifically, § 3582(c)(2) provides:
>
>> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018).

A two-step analysis is applicable to motions seeking a reduced sentence under § 3582(c)(2). First,

> § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range

4

> that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

*Dillon v. United States*, 560 U.S. 817, 827 (2010). As the Ninth Circuit said in *United States v. Rodriguez*, 921 F.3d 1149 (9th Cir. 2019), the first step requires a court to decide "eligibility by determining whether a reduction is consistent with U.S. Sentencing Guidelines Manual § 1B1.10, the policy statement that implements § 3582(c)(2). Section 1B1.10 permits a reduction if, but only if, the amendment has the effect of lowering the defendant's applicable Guidelines range." *Id.* at 1153 (alterations, quotation marks, and citations omitted).

Step two of the § 3582(c)(2) inquiry, which is reached only when an amendment would have the effect of lowering a guideline range, instructs a court to consider any applicable § 3553(a) factors and to determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. *Id.*

Although Amendment 782 amended the drug quantity table in U.S.S.G. § 2D1.1(c), lowering most drug-related base offense levels by two levels, that is not the case here. In sentencing

5

Olguin, this court used the U.S. Sentencing Commission Guidelines Manual ("USSCGM") effective November 1, 2008. Holding Olguin responsible for 907.2 kilograms of methamphetamine, the court determined that his base offense level was 38, a level applicable to crimes involving "15 KG or more of Methemphetamine." While Amendment 782 lowered to 36 the base offense level for crimes involving "15 KG or more of Methamphetamine," base offense level 38 applied to crimes involving "45 KG or more of Methamphetamine." USSCGM § 2D1.1 (effective November 1, 2018). Given this court's finding that Olguin was responsible for 907.2 kilograms of methamphetamine, his base offense level after Amendment 782 remained at 38 because the amount of methamphetamine he was responsible for exceeded 45 kilograms.

Ninth Circuit law makes it clear that this court must apply base offense level 38 under the circumstances of this case. *See United States v. Rodriguez*, 921 F.3d 1149, 1158 (9th Cir. 2019) (requiring an admission or a specific finding regarding drug quantity, as opposed to a generically adopted presentence investigation report, for purposes of the first step of § 3582(c)(2)). *See also United States v. Johnson*, 633 F.3d 116, 116–17 (2d Cir. 2011) ("Because the weight of the controlled substances attributed to each of them is so great that their respective sentencing ranges would be the same under the amended Sentencing Guidelines as they were under the prior Guidelines,

6

the defendants are not eligible for reductions of sentence."); *United States v. Sandoval*, 2016 WL 561770, at *1 (E.D. Cal. Feb. 12, 2016) (rejecting an Amendment 782 challenge when it did not lower a defendant's applicable guideline range because the drug amount attributable to defendant still exceeded the amount necessary to trigger a base offense level of 38).

In *United States v. Casaca*, 2015 WL 3752494, at *2 (D. Haw. June 16, 2015), *aff'd*, 654 F. App'x 317 (9th Cir. 2016), this judge rejected an Amendment 782 motion for reduction of sentence because the drug amount kept the defendant at base offense level 38. This court found Casaca responsible for 5,548.2 grams of "ice," more than the 4500 grams of "ice" necessary to place Casaca in base offense level 38 under the amended guideline. This court follows that same approach here and denies Olguin's motion. The 907.2 kilograms of methamphetamine attributable to him far exceeded the amount necessary under the amended guideline to trigger a base offense level of 38.

**IV.     CONCLUSION.**

The court denies Olguin's motion for modification of his sentence because the amount of methamphetamine he was criminally responsible for makes Amendment 782 inapplicable to his sentence.

7

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2019.



                                          /s/ Susan Oki Mollway
                                          Susan Oki Mollway
                                          Chief United States District Judge

*United States of America v. Olguin (03)*, Crim. No. 07-00615 SOM; ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT